# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**MARK SHAPIRO,**

        **Plaintiff,**

**v.**                                        **Case No: 6:24-cv-1815-PGB-UAM**

**RLI INSURANCE COMPANY,**

        **Defendant.**

_____/

## ORDER

This cause is before the Court on Plaintiff Mark Shapiro's ("**Plaintiff**") Verified Rule 6(b)(1)(B) Motion for Extension of Time to Respond to Court Order and Rule 60(B)(1) Motion for Relief from Court Order of Dismissal. (Doc. 46 (the "**Motion**")). Defendant RLI Insurance Company ("**RLI**") filed a response thereto. (Doc. 47 (the "**Response**")). Upon consideration, the Motion is due to be denied.

## I.   BACKGROUND[1]

On September 5, 2024, Plaintiff initiated this action in state court with a Petition for Declaratory Judgment. (Doc. 1-1 ("**Petition**")). Shortly thereafter, RLI removed the case to this Court. (Doc. 1). Following various extensions, Plaintiff moved to remand the case on November 1, 2024. (Doc. 17). A few days later, RLI

---

[1] The procedural history addressed herein has been detailed in prior Court Orders. (Docs. 42, 44). Alas, the Court will briefly reiterate the background for purposes of the instant Motion.

filed a Motion to Dismiss Plaintiff's Petition. (Doc. 21).[2] Plaintiff never filed a response to the pending Motion to Dismiss, and the deadline to do so has long passed.

Ultimately, on March 23, 2025, RLI filed a Notice of Resolution (Disposition) with the Court. (Doc. 36 (the "**Notice**")). Therein, RLI informed the Court "that the sole legal question presented by Plaintiff's Petition . . . has been answered in the state court Underinsured Motorist . . . action,"[3] and thus, "this dispute has effectively been resolved." (*Id.*). A day after RLI filed its Notice, Plaintiff filed a Motion for Rule 12 Judgment on the Pleadings. (Doc. 37).[4] However, the aforementioned Motion was struck for various reasons, including for failure to comply with the Local Rules and the requirement that all motions include a legal memorandum supporting the request for relief. (Doc. 39).

Subsequently, the Court issued an Order that required all parties to "show cause [on or before April 1, 2025] as to why this action should not be dismissed

---

[2] As a result, the Motion to Dismiss is subject to treatment as unopposed. *See* Local Rule 3.01(c).

[3] Plaintiff was involved in a car accident and first filed the above-referenced "Underinsured Motorist action" against various alleged tortfeasors and Plaintiff's personal underinsured/uninsured motorist insurers, including RLI. (*See* Docs. 1, 1-1, 17, 21). Later, Plaintiff filed a second lawsuit—the instant lawsuit, which was removed to this Court—seeking a declaratory judgment against RLI. (Docs. 1, 1-1).

[4] Again, the Court notes that, in Plaintiff's Motion for Rule 12 Judgment on the Pleadings, Plaintiff acknowledged that: "The issues adjudicated by the Circuit Court in the Motion for Summary Judgment and summarized in the Order Granting Summary Judgment are identical to the issues presented for determination in the Declaratory Judgment action that was removed to this Court for determination by [RLI]." (Doc. 37). Moreover, Plaintiff conceded that "there is no issue before this Court that has not now been adjudicated by the State Court having jurisdiction over the Parties to this action and regarding the matter that is pending in this Court." (*Id.*).

without prejudice." (Doc. 42 (the "**Order to Show Cause**")). The Court warned the parties that "[f]ailure to timely comply with this Order [to Show Cause] may result in dismissal of the case without further notice or other appropriate sanctions." (*Id.*). RLI responded that—as it had already indicated in its prior Notice—"another court . . . recently determined the identical issues that are pending in this case." (Doc. 43). As such, the "Court should dismiss this case because the only issue ever before [it] is now moot." (*Id.*).

After the Court waited a week *beyond the deadline* for Plaintiff to respond to the Court's Order to Show Cause, Plaintiff had yet to respond. Consequently, upon consideration of the circumstances, the Court dismissed the case without prejudice on April 9, 2025.[5] (Doc. 44). A week later, Plaintiff filed the instant Motion. (Doc. 46). RLI filed the Response (Doc. 47),[6] and the matter is ripe for review.

## II.    STANDARD OF REVIEW

### A.    Federal Rule of Civil Procedure 60(b)

Federal Rule of Civil Procedure 60(b) allows a court to relieve a party from an order or judgment on various grounds. FED. R. CIV. P. 60(b).[7] Of particular

---

[5]   The Court notes that this case has been riddled with Orders directed at Plaintiff's noncompliance with Court Orders and Local Rules. (*See* Docs. 16, 18, 28, 39, 40, 42, 44, 49).

[6]   Plaintiff subsequently filed a frivolous Motion to Strike RLI's Response, which was denied. (Docs. 48, 49).

[7]   The following circumstances raise possible grounds for relief: "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence . . . ; (3) fraud, misrepresentation or misconduct by an opposing party; (4) the judgment is void; [or] (5) the judgment has been satisfied, released, or discharged." FED. R. CIV. P. 60(b)(1)–(5).

3

importance here, Rule 60(b)(1) provides that courts may afford relief for "mistake, inadvertence, surprise, or excusable neglect." FED. R. CIV. P. 60(b)(1).

The determination of whether neglect is excusable "is at bottom an equitable one, taking [into] account [] relevant circumstances surrounding the party's omission." *Pioneer Inv. Servs. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993). Courts weigh the following pertinent factors: (1) the danger of prejudice to the opposing party; (2) the length of delay and its potential impact on judicial proceedings; (3) the reason for the delay, including whether it was within the reasonable control of the movant; and (4) whether the movant acted in good faith. *Id.* at 392–93, 395.

## B.    Federal Rule of Civil Procedure 6(b)

Federal Rule of Civil Procedure 6(b) provides that "[w]hen an act may or must be done within a specified time, the court may, for good cause, extend the time . . . on motion made after the time has expired if the party failed to act because of excusable neglect."

## III.   DISCUSSION

In support of the instant Motion, counsel for Plaintiff, Steven J. Kirschner ("**Counsel**"), argues that his failure to respond to the Court's most recent Order to Show Cause was due to "excusable neglect" and "mistake," grounds for relief under Rule 6(b)(1)(B) and Rule 60(b)(1). (*See* Doc. 46). Accordingly, Counsel requests that the Court retroactively extend the time to respond to this Court's

4

Order to Show Cause and, in turn, vacate the Court's Order dismissing this case. (*See id.*).

In support of Counsel's requested relief, Counsel states that he "was out of the country [until April 8, 2025] along with his wife, Sharon Kirschner," but remained in communication with his paralegal. (*Id.* at pp. 1–2). Counsel asserts that he was under the impression that his paralegal "would receive any documents regarding this case because he was designated on our filed documents to receive court filings." (*Id.* at p. 2). However, his paralegal "received no court documents during the [respective] timeframe," and all emails went to Sharon Kirschner. (*Id.*).

Simply put, the Court is perplexed by the relevance of Counsel's explanation for his failure to respond to the Court's Order to Show Cause. For one, Sharon Kirschner is not listed as an attorney of record in this case, nor is Counsel's paralegal. Steven Jay Kirschner and Christopher J. Konicek are listed as attorneys of record for Plaintiff. Moreover, Counsel does not argue that email notifications of filings were not received. In any event, it is Counsel's responsibility—and not a paralegal's—to track and timely respond to Court Orders.[8]

Ultimately, the Court applies the *Pioneer* factors in assessing the existence of excusable neglect. *Pioneer*, 507 U.S. at 380 ("The determination of what sorts of neglect will be considered 'excusable' is an equitable one, taking account of all relevant circumstances.").

---

[8] For this reason, it would be inappropriate for the Court to address the paralegal by name, and thus, the Court will refrain from doing so herein.

5

First, as to prejudice to the opposing party and the length of the delay and its impact on the proceedings, the Court finds that Counsel's repeated failure to comply with Court Orders and Local Rules has both prejudiced RLI and unnecessarily prolonged this litigation. As RLI has pointed out, "Plaintiff concedes that 'the issues adjudicated by the [state court] . . . are identical to the issues presented'" in this action, and the state court already "ruled in favor of *Plaintiff* and against RLI." (Doc. 43, pp. 1–3 (emphasis added); *see* Doc. 37). Further, as a result of Counsel's repeated inability to comply with Local Rules and Court Orders, the Court has needlessly expended its finite time and resources advising Counsel how to litigate properly before this Court.

With regard to Counsel's proffered reason for the delay, the Court does not find it to be well-taken. As discussed previously, Counsel blames its failure to comply with the Court's Order to Show Cause on a mistaken belief that Counsel's paralegal received certain email notifications of filings. (*See* Doc. 46). Such an argument is largely irrelevant.

Simply put, this case had been pending for roughly (8) months before the Court's Order to Show Cause, with no prior indication of issues or confusion regarding who received email notifications of filings. In any event, Counsel does not state that the respective email notifications were not received at all—the reality is simply that Counsel did not *check* emails sent to the email addresses that he

6

provided to the Court.[9] Accordingly, any such reason for the delay was fully in Counsel's control. *See Audalus v. Scottsdale Ins. Co.*, 566 F. Supp. 3d 1318, 1323 (S.D. Fla. 2021) (finding no excusable neglect where "the reason for the delay [was] counsel's carelessness and inattention to [the] case as opposed to an unexpected or unavoidable hindrance" (citing 49 C.J.S. Judgments §§ 556, 557)). However, as to the fourth factor, the Court does not find that Counsel acted in bad faith.

Nevertheless, the Eleventh Circuit has "'demonstrated its wariness' of grants of relief from judgment[s] based upon attorney error." *Norment v. Newton Cty. Sheriff's Dept.*, 352 F. App'x 316, 318 (11th Cir. 2009).[10] Ultimately, Counsel's repeated pattern of noncompliance and the *Pioneer* factors weigh against a finding of excusable neglect for purposes of Rule 60(b). Moreover, for the same reasons addressed above, the Court does not find that Counsel has demonstrated "good cause" to retroactively "extend the time" to respond to the Court's Order to Show Cause, as required under Rule 6(b). FED. R. CIV. P. 6(b)(1)(B). In any event, the dismissal of this case was merely without prejudice.

---

[9] The Court highlights that electronic notice of the Order to Show Cause was sent to various email addresses that *Counsel* provided to the Court, including service@kandklawfirm.com and sharon@kandklawfirm.com. Again, it is ultimately Counsel's responsibility, and not his paralegal's, to monitor his cases and comply with all such deadlines.

[10] "Unpublished opinions are not controlling authority and are persuasive only insofar as their legal analysis warrants." *Bonilla v. Baker Concrete Const., Inc.*, 487 F.3d 1340, 1345 (11th Cir. 2007).

7

## IV.   CONCLUSION

Accordingly, Plaintiff's Verified Rule 6(b)(1)(B) Motion for Extension of Time to Respond to Court Order and Rule 60(B)(1) Motion for Relief from Court Order of Dismissal (Doc. 46) is **DENIED**.

**DONE AND ORDERED** in Orlando, Florida on August 18, 2025.

*[Signature]*
PAUL G. BYRON
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties